**JAY SCHOOL CORPORATION and Board of Trustees of Jay School Corporation, Appellants (Defendants Below),**

v.

**Hilda M. CHEESEMAN, Appellee (Plaintiff Below).**

No. 38A02–8802–CV–83.

Court of Appeals of Indiana, Third District.

July 10, 1989.

Joel D. Roberts, Clamme and Roberts, Portland, for appellants.

Frank E. Spencer, Indianapolis, Paul F. Shappell, Portland, for appellee.

HOFFMAN, Judge.

Appellants Jay School Corporation Board of Trustees appeal a bench trial judgment in favor of Hilda M. Cheeseman.

The facts indicate that Cheeseman began teaching for the Jay School Corporation in 1967. Cheeseman holds a public school teacher's certificate with elementary and mentally retarded subject endorsements. On August 27, 1982, Cheeseman signed a regular teacher's contract with the Jay School Corporation for the 1982–1983 school year. The Board assigned Cheeseman to teach a special education class at Judge Hayes Elementary School for the 1982–1983 school year. On October 6, 1982 Cheeseman submitted a letter requesting medical leave which stated:

> "As my doctor's note indicated, I am requesting immediate medical leave from special education. This leave needs to last only as long as it takes to reassign me to a regular class."

On October 11, 1982 the Board denied Cheeseman's request to be transferred from a special education assignment to a regular education assignment. The Board approved Cheeseman's request for immediate medical leave. Cheeseman did not return to her assigned teaching position during the 1982–1983 school year. Following a bench trial, the trial court awarded Cheeseman the $11,724.60 salary she would have received had the Board assigned her to an elementary teaching position open in January 1983.

The Jay School Corporation Board of Trustees argues that the trial court erred in the following conclusions of law:

> "7. That taking into consideration that the plaintiff's teaching preferences were being limited by her medical condition and not just by her personal choice, the defendant is not entitled to ignore the fact that they have under contract a teacher who has the ability to perform well under regular classroom conditions.
>
> 8. That since the plaintiff was already under contract and on medical leave for a limited purpose, the plaintiff should have been offered the first regular teaching position that opened provid-

ing she was qualified by certification to assume the classroom duties.

\* \* \* \* \* \*

10. That ... the plaintiff was already under contract with the only condition of her medical leave being that she be re-assigned to a regular teaching classroom than to a Special Education class.

\* \* \* \* \* \*

12. That the plaintiff is entitled to compensation from the defendant at the salary she would have received had she returned to her regular classroom teaching duties on the 17th day of January, 1983, and continuing until the 27th day of May, 1983, at the end of the 1982–1983 school year.

\* \* \* \* \* \*

14. That the plaintiff is further entitled to receive the pay that she would have received for the 1983–1984 school term, the 1984–1985 school term, the 1985–1986 school term and the 1986–1987 school term that she should have received had she been given credit for the one-year's teaching experience for the school year 1982–1983 period."

The reviewing court will set aside specific findings and conclusions of the trial court only when these are clearly erroneous. The reviewing court will consider only the evidence most favorable to the decision of the trial court, along with the inferences which can be reasonably drawn from it. The reviewing court does not reweigh evidence or judge witness credibility and will reverse only where there is no evidence of probative value supporting the trial court's judgment. *Ake v. National Educ. Ass'n–South Bend* (1988), Ind.App., 531 N.E.2d 1178, 1180.

The Board contends that its decision not to transfer Cheeseman to the open elementary teaching position was within its discretion and did not create a compensable claim. IND. CODE § 20-7.5-1-6(b)(3) (1982 Ed.) provides that the school employer has the authority to transfer and assign its employees. The Board maintains that the trial court's decision violates its managerial prerogative to determine teaching assignments. The Board argues that the trial court awarded judgment without statutory or contractual authority.

The trial court's conclusions comply with IND. CODE § 20-6.1-6-1(a) (1984 Supp.) which states in part:

> "Except where a contract is not required ... in any situation occurring before or after the commencement of leave, the teacher and the school corporation shall execute a regular teacher's contract for each school year in which any part of the teacher's leave is granted, and the teacher shall have the right to return to a teaching position for which the teacher is certified or otherwise qualified in accordance with the rules of the state board of education."

Cheeseman and the Board agreed to a regular teacher's contract for the 1982–1983 school year. The Board granted Cheeseman medical leave from her special education teaching assignment. Cheeseman experienced stress-related medical problems when teaching special education. She had no medical problems when teaching elementary education. Cheeseman was certified, qualified and had a statutory right to return to the elementary teaching position open in January 1983. The Board did not transfer Cheeseman to the open elementary teaching position, failing to honor her statutory right to return. Probative evidence and IND. CODE § 20-6.1-6-1(a) support the trial court's judgment.

Affirmed.

SHIELDS, P.J., and BAKER, J., concur.