The **FIRST BANK OF WHITING**, Appellant (Plaintiff Below),

v.

**GRAIN DEALERS MUTUAL INSURANCE COMPANY, Appellee** (Defendant Below).

No. 64A03–8902–CV–65.

Court of Appeals of Indiana, Third District.

Dec. 27, 1989.

Robert E. Stochel, O'Drobinak, Stochel and Austgen, P.C., Crown Point, for appellant.

Paul A. Rake, Eichhorn, Eichhorn and Link, Hammond, for appellee.

HOFFMAN, Judge.

Appellant First Bank of Whiting appeals a trial court judgment in favor of Grain Dealers Mutual Insurance. The facts indicate that on January 23, 1984 a fire damaged Parr Elevator's grain inventory. First Bank held a security interest in Parr Elevator's damaged inventory. Grain Dealers Mutual insured the grain inventory with a policy covering the period March 19, 1979 to March 19, 1984. Parr Elevator obtained the policy and was named loss payee on the policy. On February 16, 1984, Grain Dealers Mutual issued an $80,000.00 settlement draft for the fire loss to Parr Elevator. After Parr Elevator deposited the first settlement draft at First Bank, the Bank applied the money to Parr Elevator's debt. On March 20, 1984, Grain Dealers Mutual issued a $218,686.00 settlement draft for the fire loss to Parr Elevator. The second settlement draft was not deposited at First Bank or applied to Parr Elevator's debt.

On August 21, 1984, First Bank filed a complaint alleging that Grain Dealers Mutual breached a duty to First Bank by issuing the fire loss insurance proceeds to Parr Elevator. After a hearing, the trial court entered judgment against First Bank and this appeal ensued. A negative judgment may be challenged on appeal only as being contrary to law. A decision is contrary to law only where the evidence and all reasonable inferences lead to one conclusion and the trial court has reached a different one. *State Farm Ins. Companies v. Flynn* (1988), Ind.App., 531 N.E.2d 527, 528. The reviewing court will set aside specific findings and conclusions of the trial court only when these are clearly erroneous. The reviewing court will consider only the evidence most favorable to the decision of the trial court, along with the inferences which can be reasonably drawn from it. The reviewing court does not reweigh evidence or judge witness credibility and will reverse only where there is no evidence of probative value supporting the trial court's judgment. *Jay School Corp. v. Cheeseman* (1989), Ind. App., 540 N.E.2d 1248, 1250.

■ First Bank argues that the trial court erred by concluding that Grain Dealers Mutual did not have adequate notice of First Bank's security interest in Parr Elevator's damaged grain inventory.

On February 1, 1984, a First Bank vice president telephoned Grain Dealers Mutual's fire underwriting supervisor requesting that First Bank be named loss payee on Parr Elevator's insurance policies. On February 3, 1984, a follow-up letter to the telephone conversation stated:

> "The Bank has a security interest in the Inventory, Equipment, Fixtures, and Vehicles of Parr Elevator, Inc. Please list us as Loss Payee on all insurance policies issued in connection with these items."

The February 3, 1984 letter had no attachments evidencing a security agreement or financing statement. First Bank made no request to be named on the settlement drafts to be issued for the January 23, 1984 fire insurance proceeds. Grain Dealers Mutual concluded that First Bank's request to be named loss payee applied to the policy renewal scheduled March 19, 1984. The language of the letter is consistent with Grain Dealers Mutual's conclusion.

■ First Bank failed to enforce the insurance provision in its security agreement with Parr Elevator which stated:

> "The Borrower shall have and maintain at all times with respect to Inventory insurance covering risks customarily insured against by companies engaged in business similar to that of the Borrower, in amounts, containing such terms, in such form for such periods and written by companies acceptable to the Bank. Such insurance shall be payable to the

Borrower and the Bank as their interests may appear. The insurance policy or policies or copies thereof evidencing the Borrower's compliance with the above shall be deposited with the Bank, and in the event the Borrower fails to file and maintain such insurance, the Bank may, at its option, purchase such insurance and the cost of such insurance shall become a Liability to the Borrower in favor of the Bank."

The trial court correctly entered judgment in favor of Grain Dealers Mutual when First Bank failed to provide notice that it had an interest in January 23, 1984 fire insurance proceeds and neglected to enforce the insurance provision in its security agreement.

Affirmed.

CHEZEM, P.J., and STATON, J., concur.