**GEORGIE BOY MFG., INC., Appellant (Plaintiff Below),**

v.

**James PARISO, Jr., Appellee (Defendant Below).**

**No. 20A03–8907–CV–00284.**

Court of Appeals of Indiana, Third District.

Feb. 22, 1990.

Randall G. Hesser, Warrick, Weaver & Boyn, Elkhart, for appellant.

William J. Nye, Elkhart, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Georgie Boy Mfg., Inc. appeals a bench trial judgment in favor

of defendant-appellee James Pariso, Jr. The trial court entered the following findings and conclusions:

## "FINDINGS OF FACT

1. Plaintiff is an Indiana corporation with its principal office and place of business in Edwardsburg, Michigan.

2. Plaintiff, at all times relevant herein, was engaged in the manufacture and sale of recreational vehicles.

3. During the times relevant to the litigation, Defendant owned and operated a paint shop in Elkhart County, Indiana.

4. From and after approximately January 1, 1982, until some time in 1984, Defendant was hired by Plaintiff to paint stripes on Plaintiff's recreational vehicles.

5. During and subsequent to said period, Plaintiff received and paid numerous warranty claims from its dealers and customers, but failed to show by a preponderance of evidence that the damages for which payments were made involved work done by the Defendant.

6. Although Plaintiff claims that the warranty claims arose because of the Defendant's use of defective and inferior materials and unworkmanlike services, Plaintiff has failed to show by a preponderance of evidence that the defects it complains of were caused by the use of defective or inferior materials by the Defendant or that Defendant's employees performed unworkmanlike services, Plaintiff has produced no witnesses to describe or identify by a preponderance of evidence any of the alleged defective units, to show when any defects occurred, or the nature thereof.

7. Although Plaintiff claims money damages herein, it has not shown by a preponderance of evidence the proper measure of damages with respect to any of the claimed defective paint jobs.

## CONCLUSIONS OF LAW

1. The law is with the Defendant.

2. The Plaintiff has the burden of proving by a preponderance of the evidence that the defective paint jobs for which it has brought suit were caused by acts or failures on the part of Defendant as described Plaintiff's portion of the Pre–Trial Order, which burden Plaintiff's failed to sustain, nor has Plaintiff shown by a preponderance of evidence that it has sustained any damages by reason of any failures on the part of the Defendant as claimed in Plaintiff's Complaint and Pre–Trial Order."

Appellant contends that the trial court erred in the judgment. A negative judgment may be challenged on appeal only as being contrary to law. A decision is contrary to law only where the evidence and all reasonable inferences lead to one conclusion and the trial court has reached a different one. *State Farm Ins. Companies v. Flynn* (1988), Ind.App., 531 N.E.2d 527, 528. The reviewing court will set aside specific findings and conclusions of the trial court only when these are clearly erroneous. The reviewing court will consider only the evidence most favorable to the decision of the trial court, along with the inferences which can be reasonably drawn from it. The reviewing court does not reweigh evidence or judge witness credibility and will reverse only where there is no evidence of probative value supporting the trial court's judgment. *Jay School Corp. v. Cheeseman* (1989), Ind. App., 540 N.E.2d 1248, 1250.

Georgie Boy hired Pariso to paint stripes on recreational vehicles from 1982 to 1984. When a person contracts to perform services, failure to perform in a workmanlike manner may constitute both a breach of contract and the tort of negligence. *Wilson v. Palmer* (1983), Ind.App., 452 N.E.2d 426, 429. At trial, a Georgie Boy foreman described the proper procedures for preparing the surface of a recreational vehicle for paint application. He testified that a workmanlike paint job following the procedures does not fall or flake off. The foreman observed in his repair of a recreational vehicle painted by Pariso that the surface was not properly scuffed before paint application. He noticed that flaking and peeling were more common in

areas where thorough scuffing is required. None of the stripes repainted by Georgie Boy, its dealers or other paint shops had problems with flaking or peeling.

■ Georgie Boy introduced into evidence 51 invoices it issued to Pariso. The invoices listed serial numbers from Georgie Boy vehicles. Pariso admitted that he painted the vehicles with those serial numbers. Georgie Boy introduced into evidence 450 warranty claims from its dealers and paint shops for repairs of flaking or peeling paint and the cost of those repairs. The serial numbers on the warranty claims matched the serial numbers on the invoices. When a building contract is defectively performed, as a general rule the owner is entitled to damages measured by the cost of remedying the defect. J. Calamari and J. Perillo, *The Law of Contracts* § 14–29 (3rd Ed.1987). In property damage actions where the property is repairable or restorable, damages may be proved by proof of the cost to repair or restore the property accompanied by proof of the actual physical damage sustained as a proximate result of the traumatic event; the cost to repair such damage was reasonable; and such cost to repair bears a reasonable relationship to the difference between the fair market value of the property just before and after the traumatic event. *Hann v. State* (1983), Ind.App., 447 N.E.2d 1144, 1147. A reasonable inference could be drawn from the evidence that the stripes painted on vehicles by Pariso flaked and peeled because of an unworkmanlike paint application and the amounts in the warranty claims established the cost to repair Pariso's unworkmanlike services.

To rebut Georgie Boy's evidence, Pariso refers to answers made to the first set of interrogatories and first request for admissions submitted to him from Georgie Boy. These discovery materials were never introduced at trial. Georgie Boy's unrebutted evidence leads to the conclusion that Pariso's unworkmanlike painting caused the flaking and peeling described in the warranty claims. The trial court erred in its judgment for Pariso.

■ Georgie Boy contends the trial court abused its discretion in failing to award discovery sanctions. On August 7, 1987 Georgie Boy filed a motion for discovery sanctions. On September 9, 1987 a hearing was held on the motion and the matter was taken under advisement. On April 15, 1988 the trial court deferred ruling on the motion for sanctions pending completion of Pariso's rescheduled deposition. At the beginning of the bench trial, the trial court indicated it would rule on the motion for discovery sanctions in its judgment but the trial court failed to do so. After the trial court issued its judgment, Georgie Boy requested a ruling on the motion for discovery sanctions. The trial court has not ruled on the motion for discovery sanctions.

Pariso gave evasive and misleading answers to Georgie Boy's first request for admissions. Pariso's deposition testimony and answers to interrogatories demonstrate that Pariso should have admitted the information in some of the requests for admission. On July 9, 1987 Pariso failed to attend a scheduled deposition without giving prior notice or a justifiable excuse. At the rescheduled deposition, Pariso refused to answer certain questions. After a motion by Georgie Boy, the trial court ordered Pariso to answer the questions. Georgie Boy had to file a second request for admissions and interrogatories to obtain the information from the deposition questions Pariso refused to answer. There is no showing that Pariso was justified in refusing to answer the deposition questions. Georgie Boy submitted an affidavit outlining the costs caused by Pariso's abuse of the discovery process. The trial court erred in failing to award discovery sanctions.

Reversed with instructions that a new trial be granted and the trial court to hold hearings to determine discovery sanctions.

STATON and SULLIVAN, JJ., concur.