David S. NOVAK, Appellant
(Plaintiff Below),

v.

APOLLO PRINTING AND THERMOG-
RAPHY, INC., Appellee
(Defendant Below).

No. 71A03–9005–CV–187.

Court of Appeals of Indiana,
Third District.

Nov. 26, 1990.

Stephen G. Drendall, Drendall & May, South Bend, for appellant.

Thomas J. Brunner, Jr., Baker & Daniels, South Bend, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant David S. Novak (Novak) appeals a bench trial judgment in favor of defendant-appellee Apollo Printing and Thermography, Inc. (Apollo).

The facts of the case are as follows: On July 21, 1986, Apollo hired Novak as a production supervisor for its commercial printing business in South Bend, Indiana. Novak, a salaried employee, received $420.00 per week ($10.50 per hour) while the other employees received $4.50 to $6.00 per hour plus overtime. Although Novak often operated the 9850 A.B. Dick press with the other employees, he discussed work priorities with the president of Apollo on a daily basis, handled employee questions and complaints, ordered supplies, and generally ran the press department. Novak's arrival on the job also enabled the president of Apollo to spend 50 per cent of his time away from the business. After nine months on the job, Novak resigned on April 20, 1987.

On December 14, 1987, Novak filed a complaint against Apollo seeking overtime compensation, one week's unpaid wages, statutory penalties, attorney fees, and compensation for unpaid benefits. Apollo counterclaimed for reimbursement of $1,100.00 in moving expenses. Prior to the bench trial on September 28–29, 1989, Novak abandoned his claim for benefits, and Apollo tendered payment to Novak for two times one week's salary. On January 9, 1990, the trial court entered findings of fact and conclusions of law denying both Novak's claim for overtime compensation and Apollo's counterclaim for reimbursement of moving expenses. The court awarded Novak $300.00 in attorney fees for the unpaid wages claim.

Novak claims the trial court's findings and conclusions with respect to the following issues were clearly erroneous:

(1) whether Novak was an "executive" under the "short test" of 29 C.F.R.

§ 541.1(f) and, thus, exempt from the overtime compensation provisions of the Fair Labor Standards Act (FLSA);

(2) whether Novak was a "craftsman" under 29 C.F.R. § 541.119(c); and

(3) whether the award to Novak of $300.00 in attorney fees for the unpaid wages claim was reasonable.

▆▆▆ A finding or conclusion is clearly erroneous when the appellate court's review of all the evidence leaves it with the firm conviction that a mistake has been made. *Ingoglia v. The Fogelson Companies, Inc.* (1988), Ind.App., 530 N.E.2d 1190, 1198. The appellate court will neither reweigh the evidence nor rejudge the credibility of witnesses. Rather, the court will review only the evidence favorable to the judgment and any reasonable inferences therefrom. The court will reverse only where there is no evidence of probative value to support the trial court's judgment. *Georgie Boy Mfg., Inc. v. Pariso* (1990), Ind.App., 550 N.E.2d 111, 112.

▆▆▆ Novak first claims the trial court erred in finding him to be an "executive" under the "short test" of 29 C.F.R. § 541.1(f) and, thus, exempt from the overtime compensation provisions of the FLSA. According to the FLSA, employees are entitled to overtime compensation if they work more than 40 hours per week. 29 U.S.C. § 207(a). However, persons "employed in a bona fide executive, administrative, or professional capacity" are exempt from the overtime compensation requirement. 29 U.S.C. § 213(a)(1). The so-called "short test" of 29 C.F.R. § 541.1(f) provides that employees who, like Novak, earn at least $250.00 per week qualify as executives if their primary duty is management and they regularly direct the work of at least two other employees.[1] The burden of proof is on the employer to establish that the employee is an executive and, thus, exempt from the overtime provisions of the FLSA.

---

1. A "long test" applies to employees earning less than $250.00 per week but more than $155.00 per week. Under this test, employees do not qualify as executives unless they meet three requirements in addition to the two above: they must have authority to hire or fire, they must regularly exercise discretionary powers, and they must not devote more than 40 per cent of their time to activities which are not directly related to their management duties. 29 C.F.R. § 541.1(a)—(f).

*Guthrie v. Lady Jane Collieries, Inc.* (3rd Cir.1983), 722 F.2d 1141, 1143.

■ As the trial court noted in its findings of fact and conclusions of law, the most important aspect of Novak's job and the reason he was hired was to supervise the work of at least two other employees. The supervision of other employees is clearly a management duty.

29 C.F.R. § 541.102(b);

*Donovan v. Burger King Corp.* (1st Cir. 1982), 672 F.2d 221, 226.

Whether Novak's supervision of the employees was his primary duty is the more difficult question because the trial court found that Novak spent over 50 per cent of his time as a press operator rather than a supervisor. According to 29 C.F.R. § 541.103, "it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time." However, the regulation goes on to note that the 50 per cent rule is not conclusive and provides the following example:

"For example, in some departments, or subdivisions of an establishment, an employee has broad responsibilities similar to those of the owner or manager of the establishment, but generally spends more than 50 percent of his time in production or sales work. While engaged in such work he supervises other employees, directs the work of warehouse and delivery men, approves advertising, orders merchandise, handles customer complaints, authorizes payment of bills, or performs other management duties as the day-to-day operations require. He will be considered to have management as his primary duty."

Along with operating the press, Novak discussed work priorities with the president of Apollo on a daily basis, handled employee questions and complaints, ordered supplies, and supervised the work of at least two other employees. Moreover, Novak was by far the highest paid employee, and his arrival at Apollo enabled the president to spend half of his time away from the business. The trial court did not err in finding Novak to be an executive under the short test of 29 C.F.R. § 541.1(f) and, thus, exempt from the overtime compensation provisions of the FLSA.

■ In order to avoid application of the short test, Novak maintains he was a "craftsman" under 29 C.F.R. § 541.119(c) which states as follows:

"Mechanics, carpenters, linotype operators, or craftsmen of other kinds are not exempt under the [high salary] proviso [of § 541.1(f)] no matter how highly paid they might be."

Black's Law Dictionary (5th ed. 1979) defines "craft" as "[a] trade or occupation of the sort requiring skill and training, particularly manual skill combined with a knowledge of the principles of the art." As the trial court noted in its findings and conclusions, "neither Plaintiff nor any of the other employees at Apollo was a craftsman printer, although setting up Apollo's equipment (an A B Dick 9850 press) did require some training and expertise, but not that of an old style craftsman." Moreover, as previously discussed, Novak was hired and paid for his supervisory abilities, not for any unique skill in operating a press. Again, the trial court's findings and conclusions were not clearly erroneous.

■ Lastly, Novak contends the trial court erred in awarding him only $300.00 in attorney fees for his unpaid wages claim.[2] After reviewing counsel's affidavit in support of attorney fees, the pleadings, and its notes, the trial court made the following conclusion:

"Given the relative simplicity of [the unpaid wages] issue versus the complexity of the overtime question both factually and in terms of legal questions, this Court finds that a total of three (3) hours out of eighty (80) some hours total time is a reasonable attribution of attorney time. This Court can also judicially note that $100.00 an hour is a reasonable at-

**2.** The unpaid wages claim was settled prior to trial when Apollo tendered payment to Novak for one week's wages plus another week's wages in liquidated damages pursuant to IND.CODE § 22–2–5–2 (1988 Ed.).

**1308**

torney fee in this profession in this community at this time."

The trial court also properly concluded that IND.CODE § 22–2–5–2 (1988 Ed.) did not authorize the award of attorney fees attributable to preparing and trying the overtime issue or defending against Apollo's counterclaim. *See Fardy v. Physicians Health Rehab. Serv.* (1988), Ind.App., 529 N.E.2d 879, 883. Because the record supports the reasonableness of the award, the trial court's findings and conclusions were not clearly erroneous. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and CONOVER, JJ., concur.