**Marsha L. TODD, Appellant
(Plaintiff Below),**

v.

**Daniel C. STEWART, Appellee
(Defendant Below).**

No. 53A04–8907–CV–273.

Court of Appeals of Indiana,
Third District.

Feb. 21, 1991.

Rehearing Denied April 4, 1991.

Paul J. Watts, Watts Law Office, P.C., Spencer, for appellant.

Daniel C. Stewart, Bloomington, pro se.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Marsha L. Todd appeals a bench trial judgment awarding her $3,417.00 for an unpaid wages claim.

The facts relevant to this appeal disclose that in August of 1981, defendant hired plaintiff as a secretary for his law office and title insurance agency. All employment and vacation agreements were oral as was a bonus agreement which commenced in 1983. In May of 1987, defendant informed plaintiff that he was canceling the bonus agreement as of May 31, 1987. Plaintiff informed defendant that such an arrangement was unacceptable, but she continued to work for him until he discharged her on July 10, 1987. The present action arose due to a dispute over vacation and bonus pay.

After hearings on February 9, 1989 and April 24, 1989, the trial court entered the following findings and order:

*"Findings*

1. The Plaintiff is entitled to recover, on her Complaint, vacation pay for the years 1984, 1985, 1986 and a portion of 1987, calculated at the rate of $7.50 per hour for 80 hours for the years 1984–86 and $7.50 per hour for 80 hours for eleven-twelfths of a year for the year 1987, or a total of $2,350.00.

2. The Plaintiff has failed, by a preponderance of the evidence, to show that she is entitled to all of the bonuses and commissions she alleges in her Complaint; but, the Defendant acknowledges that the Plaintiff is entitled to recover the sum of $1,067.00 for such bonuses and commissions.

3. Since the Defendant offered the Plaintiff the sum of $3,652.00 at the conclusion of her employment, and since there is truly a good faith dispute as to exactly what was due the Plaintiff at the termination of her employment, the punitive provisions of I.C. 22–2–5–2 are not applicable, and the Plaintiff is not entitled to recover treble damages or attorney's fees.

4. The Defendant has made a substantial showing that the Plaintiff's discharge was most appropriate and that while the Plaintiff was in Defendant's employ, the Plaintiff attempted to divert business to her soon to be formed new operation, but the Defendant has failed, by a preponderance of the evidence, to show what damages are attributable to the Plaintiff's conduct, separate and apart from market conditions. Therefore, the Defendant is not entitled to recover on his Counterclaim.

5. Therefore, the Plaintiff is entitled to recover the sum of $3,417.00 on her Complaint, and the Defendant is entitled to recover nothing on his Counterclaim.

*Order*

IT IS THEREFORE CONSIDERED ORDERED ADJUDGED AND DECREED that the Plaintiff have and recover judgment against the Defendant in the sum of $3,417.00, together with the costs of this action, and accruing interest at the statutory rate of 10 per cent per annum."

Plaintiff raises eight issues for review which this Court restates as three:

(1) whether the trial court erred in finding that plaintiff was not entitled to recover any bonus or commission payments for May of 1987;

(2) whether the trial court erred in finding that plaintiff was not entitled to recover any bonus or commission payments for June and July of 1987; and

(3) whether the trial court erred in finding that plaintiff was not entitled to recover treble damages or attorney's fees under IND.CODE § 22–2–5–2 (1988 Ed.).

Plaintiff first claims the trial court erred in finding that she was not entitled to recover any bonus or commission payments for May of 1987. In cases such as this, where the trial court enters findings of facts on its own motion, this Court will not set aside the findings unless they are clearly erroneous. Ind. Trial Rule 52(A). A finding is clearly erroneous when an appellate court's review of all the evidence leaves it with the firm conviction that a mistake has been made. *Novak v. Apollo Printing and Thermography, Inc.* (1990), Ind.App., 562 N.E.2d 1305, 1306. The appellate court will neither reweigh the evidence nor rejudge the credibility of witnesses; rather, the court will review only the evidence favorable to the judgment and any reasonable inferences therefrom. *Id.* The court will reverse only where there is no evidence of probative value to support the trial court's judgment. *Id.*

The trial court found that plaintiff was entitled to recover the sum of $1,067.00 for bonuses and commissions. This figure came from Defendant's Exhibit A, a bonus worksheet for April of 1987. However, according to defendant's own testimony, he canceled the bonus agreement as of *May* 31, 1987. Defendant's Exhibit B, a bonus worksheet for May of 1987, lists the amount due plaintiff for her May bonus as $545.00. The trial court erred in excluding this amount from plaintiff's recovery.

Plaintiff also contends the trial court erred in finding that she was not entitled to recover any bonus or commission payments for June and July of 1987. As previously discussed, defendant canceled the bonus agreement as of May 31, 1987; therefore, the court did not err in denying recovery for June and July. Contrary to plaintiff's assertion, there was nothing to prevent defendant from unilaterally terminating the bonus agreement. As this Court stated in *Quillen v. Review Bd. of Ind. Emp. Sec.* (1984), Ind.App., 468 N.E.2d 238, 241: "If the employer *unilaterally* changes agreed upon employment terms, the employee may either (1) accept the changes and continue employment under the new terms or (2) reject the changes and quit work." [Original emphasis.] Although plaintiff testified that she did not agree to the change, she continued to work for defendant after May 31, 1987.

Lastly, plaintiff maintains the trial court erred in finding that she was not entitled to recover treble damages or attorney's fees under IND.CODE § 22–2–5–2.[1] The trial court denied recovery of treble damages and attorney's fees because it found that a "good faith dispute" existed as to the amount due plaintiff at the conclusion of her employment. Indiana has not yet recognized a "good faith dispute" exception to the application of IND.CODE § 22–2–5–2.

*Osler Institute, Inc. v. Inglert* (1990), Ind.App., 558 N.E.2d 901, 905;

*Licocci v. Cardinal Associates, Inc.* (1986), Ind.App., 492 N.E.2d 48, 56.

Moreover, in cases of wage disputes, IND. CODE § 22–2–9–3 (1988 Ed.) provides as follows:

"In case of a dispute over wages, the employer shall give notice to the employee of the amount of wages which he concedes to be due, *and shall pay such*

---

1. IND.CODE § 22–2–5–2 provides as follows:
   "Every such person, firm, corporation, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys."

*amount, without condition,* within the time fixed by this chapter, but the acceptance by the employee of any payment made under this chapter shall not constitute a release as to any balance of his claim." [Emphasis supplied.]

Upon termination, defendant paid plaintiff her regular salary and offered to pay $3,652.00 for April and May bonuses.[2] He did not, however, tender this amount or any other to her. Defendant's failure to pay plaintiff mandates the imposition of treble damages and reasonable attorney's fees under IND.CODE § 22-2-5-2. The award of reasonable attorney's fees includes appellate attorney's fees. *Fardy v. Physicians Health Rehab. Serv.* (1988), Ind.App., 529 N.E.2d 879, 883.

Remanded with instructions that judgment for $11,886.00 be entered in favor of plaintiff and for a determination of reasonable attorney's fees.[3]

MILLER, P.J., and CHEZEM, J., concur.

2. Defendant testified that he and plaintiff had no agreement as to vacation pay upon termination and that the $3,652.00 figure was inflated to cover any vacation pay or other demands plaintiff might have.

3. The judgment was computed as follows: $1,067.00 (April bonus) + $545.00 (May bonus) = $1,612.00; $1,612.00 + $2,350.00 (vacation pay) = $3,962.00; $3,962.00 × 3 = $11,886.00.