The **OSLER INSTITUTE, INC.,**
**Defendant–Appellant,**

v.

**Debra INGLERT, Plaintiff–Appellee.**

No. 84A01–8911–CV–448.

Court of Appeals of Indiana,
First District.

Aug. 27, 1990.
Opinion on Denial of Rehearing
Oct. 15, 1990.

Inglert performed a variety of duties during her employment including contacting hotels and doctors, answering the phones, opening the mail, unloading trucks, and assisting at some of the medical seminars. She did not supervise any of the other employees. She was terminated from her employment in November of 1987. In December of 1987, Inglert requested overtime pay and accrued vacation pay. Osler did not pay these amounts because it contended Inglert was an exempt employee under the Fair Labor Standards Act and thus not entitled to overtime pay and Inglert was not eligible for vacation pay because she had not yet worked for a full year for Osler. Inglert subsequently brought this action for overtime and vacation pay.

Eric A. Frey, Terre Haute, for defendant-appellant.

James L. Crawford, Effner, Wagner and Crawford, Terre Haute, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Osler Institute, Inc. (Osler) appeals a judgment in favor of the plaintiff-appellee Debra Inglert (Inglert) for the amount of $4,507.60. We affirm.

## ISSUES

Osler presents the following issues for our review:

I. Whether the trial court erred in concluding Inglert was not exempt from the overtime provisions of the Fair Labor Standards Act.

II. Whether the court erred in finding Inglert was entitled to vacation pay.

III. Whether the court erred in awarding statutory liquidated damages and attorney fees to Inglert.

## FACTS

The facts most favorable to the judgment reveal Inglert was hired by Osler in May of 1987 as a salaried employee. At that time, Osler was in the business of producing continuing medical education seminars. Inglert's annual salary was $12,000. Osler had two other salaried employees at that time: Dr. Selliken, the president of the corporation who earned $114,000 annually, and his wife who earned $38,000 per year.

## DISCUSSION AND DECISION

Initially we note this was a bench trial and the trial court made findings of fact and conclusions of law; we will not set aside the trial court's findings or judgment unless clearly erroneous. Ind. Trial Rule 52(A). We neither reweigh the evidence nor judge the credibility of the witnesses in determining whether the court's findings and judgment are clearly erroneous. We consider only the evidence in the record which supports the judgment along with the reasonable inferences to be drawn from the evidence. This court will disturb the trial court's findings only if the record is devoid of facts or inferences to support the findings. *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144.

### I.

Osler first contends that Inglert was not entitled to overtime pay because she was an exempt employee under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* (the Act). Section 207 of the Act provides that employees shall receive overtime compensation for hours worked in excess of forty hours per week. 29 U.S.C.A. Section 207. The Act exempts certain employees from this requirement, including employees who are employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C.A. Section 213. The trial court found that Inglert was not employed in an administrative or executive capacity and was not an exempt employee under the provisions of the Act.

■ Osler, in its issues presented for review, argues the trial court erred by con-

cluding Inglert was not employed in an administrative or executive capacity. Its argument discusses only the administrative aspect and we will address only that issue.[1] Exemptions from the Act are defined by regulations promulgated by the Department of Labor. The regulations are entitled to great weight and have been held to carry the full force of law. *Lang v. Midwest Advanced Computer Serv.* (E.D.Mich. 1981), 506 F.Supp. 595. The statutory exemptions are to be narrowly construed, and the burden is on the employer to show an exemption from the Act exists. *Id.*

■ An administrative employee is defined in 29 CFR 541.2. There are two tests for determining whether an employee is an exempt administrative employee, the long and the short tests. *O'Dell v. Alyeska Pipeline Service Co.* (9th Cir. Alaska 1988) 856 F.2d 1452. The short test is applicable to high salaried employees, and contains more lenient requirements for exemption than the long test. Under the short test, to be an exempt employee the employee's job need only *include* work which requires the exercise of discretion and independent judgment. *Id.* An employee "who is compensated on a salary or fee basis at a rate of not less than $250 per week" and whose primary duty consists of certain work which includes work requiring the exercise of discretion and independent judgment is deemed a bona fide administrative employee and is exempt from the requirement of overtime pay for work in excess of 40 hours. 29 CFR 541.2(e)(2). Inglert does not meet this test because she earned only $240 per week. Osler argues that considering all forms of compensation paid to Inglert (including payment of her health insurance premiums and a bonus payment of $100) Inglert did earn more than $250 per week. However, the regulations define salary basis as that predetermined amount which is regularly received each pay period and constitutes all or part of the employee's compensation. 29 CFR 541.118, 541.-212. The trial court found one week's salary to be $240, and Osler has not demonstrated that Inglert regularly received a higher predetermined amount each pay period. The trial court's finding was not clearly erroneous. Inglert is not an exempt administrative employee under the short test.

Under the long test, the employee qualifies as an exempt administrative employee only if the job requires that the employee customarily and regularly exercise discretion and independent judgment. *O'Dell, supra.* 29 CFR 541.2 delineates a five part test: the employee's primary duty must consist of work directly related to management policies or general business operations of the employer; the employee must customarily and regularly exercise discretion and independent judgment; the employee must regularly and directly assist the proprietor or an employee employed in a bona fide executive or administrative capacity; the employee must not devote more than twenty percent of time worked to activities which are not directly and closely related to the above described work; and the employee must receive at least $155 per week on a salary or fee basis. 29 CFR 541.2(a)–(e)(1). Each of the five qualifications must be met in order for an employee to be exempted under the long test. *Lang, supra.*

The trial court found Inglert was not an exempt employee and we do not think that finding was clearly erroneous. Although there was conflicting evidence, the record demonstrates adequate facts and inferences to support the trial court's findings. The record showed Inglert performed a variety of activities on the job including assimilating program material, answering the phone, opening the mail, unloading trucks and phoning hotels and doctors to organize the seminars. Osler contends Inglert exercised independent judgment in negotiating a health plan for the company, contracting with hotels, and recruiting faculty. The evidence showed that recruiting faculty consisted of attempting to phone various doctors chosen by Dr. Selliken and then putting the doctors through to speak with Dr. Selliken. Inglert did participate in the development of a health plan for Osler; however, this was not a large part of her duties.

As discussed above, all five parts of the long test must be met in order for the employee to be exempt from the requirements of the Act. Considering the facts most favorable to the judgment, Inglert did not customarily and regularly exercise discretion and independent judgment, and she devoted more than 20% of her hours worked to activities which were not directly

---

**1.** We note Inglert was not employed in an executive capacity under the tests provided for that exemption. 29 CFR 541.1.

and closely related to the performance of specified work as required by the long test. Thus, at least two of the requirements were not met, Inglert was not an exempt administrative employee, and she was entitled to overtime compensation. Osler does not dispute the amount of overtime compensation and we affirm the trial court's findings regarding overtime pay.

## II.

Osler next argues the trial court erred in concluding Inglert earned vacation pay because there was a company policy that required one year of work as a condition precedent to earning any vacation pay. The trial court found Osler had a policy of providing vacation pay to employees based upon length of employment and that Inglert was entitled to one week of vacation pay. We will not disturb these findings.

■ "Vacation pay is in the nature of deferred compensation in lieu of wages earned each week the employee works, and is payable at some later time." *Die & Mold, Inc. v. Western* (1983), Ind.App., 448 N.E.2d 44, 46. Unless an agreement or published policy exists to the contrary, when there is an agreement to pay vacation an employee is entitled to a pro rata share of vacation pay to the time of termination. *Baesler's Super–Valu v. Indiana Com'r of Labor* (1986), Ind.App., 500 N.E.2d 243.

■ There was an agreement to pay vacation to employees in this case; the substance and details of that agreement are unclear. Osler contends the employee had to work for one year before earning any vacation pay. The evidence is equivocal concerning this requirement. There were some handwritten notes dated 6–17–87 concerning vacation pay which stated: *"Vacation–*Must work 1 yr. to get a vacation. Must work 2080 hours to get 80 hours vacation. How ever [sic] many hours you work is in proportion to how many hours you get pd. in vacation." *Record* at 428. Two other employees of Osler in addition to Inglert, testified there was a vacation plan, but they were not aware that an employee had to be there for a year to be eligible for vacation. Inglert testified that she was never told she had to work for one year before becoming eligible for vacation pay. The trial court's findings were not clearly erroneous. The amount of vacation pay is not in dispute, and the trial court did not err in awarding one week of vacation pay to Inglert based upon her employment of six months.

## III.

■ The trial court awarded liquidated damages and attorney fees to Inglert under the provisions of IND.CODE 22-2-5-2. This section provides:

> Every such person, firm, corporation, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due ... and ... the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Osler attacks the trial court's award of damages and fees on two grounds. First, Osler argues this section does not apply to Inglert because she is specifically exempted from this section by a subsequent section of the code. Second, Osler argues it should be protected from paying the damages and fees by a good faith exception.

IND.CODE 22-2-5-1.1 states "Salaried employees who are eligible for overtime compensation under the Fair Labor Standards Act (29 U.S.C. 201 et seq.) are specifically exempted from section 1 of this chapter." If Inglert is exempted from this section, then she would not be able to receive the liquidated damages and attorney fees under IND.CODE 22-2-5-2, as this provision provides for damages and fees upon a violation of section 1. As discussed above, Inglert was a salaried employee who was eligible for overtime compensation under the Act, and IND.CODE 22-2-5-1.1 appears to apply to her. However, this statute was not effective until July 1, 1988, after the actions giving rise to the complaint occurred and after the complaint had been filed. The issue then becomes whether to give this statute retrospective application.

"The general rule of statutory construction is that statutes are to be given prospective effect only, unless the legislature unambiguously and unequivocally intended retrospective effect as well." *Board of Dental Examiners v. Judd* (1990), Ind. App., 554 N.E.2d 829, 832. Prospective effect is favored when rights or obligations are created or upset by the amendment; retrospective application is the exception. Laws are applied prospectively absent strong and compelling reasons to do other-

wise. *Arthur v. Arthur* (1988), Ind.App., 519 N.E.2d 230, *aff'd* by *Arthur v. Arthur* (1988), Ind., 531 N.E.2d 477. In determining the intent of the legislature regarding retroactivity, we observe a strict rule of construction against retrospective application and indulge in a presumption of prospective application. *Id.* There is no indication that the legislature intended this statute to have retrospective effect. Thus, IND.CODE 22-2-5-1.1 does not apply to Inglert, and she is not exempted from the penalty provisions of IND.CODE 22-2-5-2.

■ Osler then argues a good faith exception applies, or should apply, to the imposition of liquidated damages and attorney fees, that it had a good faith belief Inglert was not entitled to overtime and vacation pay, and it should not have to pay her liquidated damages and fees. IND. CODE 22-2-5-2 does not contain a good faith provision; its terms are mandatory.[2] Osler correctly notes the Act contains a good faith provision. 29 U.S.C.A. Section 260 states in part:

> If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing his act or omission was not a violation of the [Act], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Even if we were to determine a good faith exception exists in Indiana based upon the federal statutory language, we would find no error here because the decision is left to the "sound discretion" of the trial court. Osler has not shown the trial court committed an abuse of discretion in awarding the damages and fees.

There is no contention that vacation and overtime pay are not wages under IND. CODE 22-2-5-1 to -2. The court did not err in awarding liquidated damages and attorney fees to Inglert.

Judgment affirmed.

## ON PETITION FOR REHEARING

■ Osler petitions for rehearing on several grounds, one of which we should address more fully than we did in our opinion,

*Osler Institute v. Inglert* (1990), Ind.App., 558 N.E.2d 901. Osler contends IND. CODE 22-2-5-1 and 22-2-5-2, concerning liquidated damages and attorney fees upon non-payment of wages, do not apply unless the employee makes a request for wages prior to or concurrent with the period of employment at issue, and that Inglert did not demand the wages until after she left employment with Osler. The Fourth District of this court has delineated three distinct regulations arising from IND.CODE 22-2-5-1. *Fardy v. Physicians Health Rehab. Serv.* (1988), Ind.App., 529 N.E.2d 879. The violation of any one regulation will trigger the punitive sanctions of IND. CODE 22-2-5-2. One of the regulations is: "Employees, upon separation from employment, must be paid the amount due them at their next and usual payday." *Id.* at 882. The court stated a demand for wages was *not* a requisite of this regulation. *Id.* To hold otherwise would allow employers owing wages to their employees to terminate the employees, avoid the payment of wages, and then be shielded from the application of the penalty statute.

Since Inglert was separated from her employment with Osler, it was not necessary for her to make a demand for the unpaid wages prior to or concurrent with the period of employment. *Id. See also Baesler's Super-Valu v. Indiana Com'r of Labor* (1986), Ind.App., 500 N.E.2d 243. We recognize the Third District of this court discussed this issue and reached a different conclusion. *See City of Hammond v. Conley* (1986), Ind.App., 498 N.E.2d 48 (stating application of the penalty provision for an employee separated from employment requires a request for payment made prior to or concurrent with the employment). We disagree, however, and our decision remains the same.

Petition for rehearing denied.

ROBERTSON and SULLIVAN, JJ., concur.

---

**2.** Osler cites cases from other jurisdictions which have acknowledged a good faith exception in this situation. *Appache East, Inc. v. Wiegand* (1978) 119 Ariz. 308, 580 P.2d 769;

*Bradshaw v. Jayco Enterprises, Inc.* (1973) 212 Kan. 206, 510 P.2d 174. The statutory language in those jurisdictions, however, differs from the mandatory language of IND.CODE 22-2-5-2.