The OSLER INSTITUTE, INC., Appellant (Defendant Below),

v.

Debra INGLERT, Appellee (Plaintiff Below).

No. 84S01–9104–CV–293.

Supreme Court of Indiana.

April 10, 1991.

Eric A. Frey, Frey Hunt Hassler & Lorenz, Terre Haute, for appellant.

James L. Crawford, Effner Wagner & Crawford, Terre Haute, for appellee.

PER CURIAM.

Following her termination from employment with the Osler Institute, Inc., Debra Inglert was awarded a judgment in her action for overtime and vacation pay. The trial court also awarded her liquidated damages and attorney fees under the provisions of IC 22–2–5–2. The Court of Appeals affirmed. *Osler Institute, Inc. v. Inglert* (1990), Ind.App., 558 N.E.2d 901, *reh. den.* We grant transfer.

In its opinion on petition for rehearing, the Court of Appeals pointed out a conflict between the opinion and *City of Hammond v. Conley* (1986), Ind.App., 498 N.E.2d. 48. The conflict involves whether application of IC 22–2–5–2, concerning liquidated damages and attorney fees upon non-payment of wages, requires the employee to "request" the wages prior to or concurrent with the period of employment. *Conley* stated application of the penalty provision requires such a request.

The Court of Appeals here held that because Inglert was separated from her employment with Osler, it was not necessary for her to make a demand for the unpaid wages during the period of employment in order to invoke the penalty provision of IC 22–2–5–2, relying on *Fardy v. Physicians Health Rehab. Serv.* (1988), Ind.App., 529 N.E.2d 879 and *Baesler's Super–Valu v. Indiana Com'r of Labor* (1986), Ind.App., 500 N.E.2d 243. The Court of Appeals reasoned Osler's failure to pay Inglert the amount due her on her next and usual payday triggered the sanctions of IC 22–2–5–2. We note this is consistent with the provisions of IC 22–2–9–2 (Wages due on discharge of employee).

We agree with the Court of Appeals' resolution of this issue. Therefore, to specifically resolve this conflict, we reject *Conley* to the extent it established that application of IC 22–2–5–2 requires evidence that the employee requested payment before termination from employment.

We summarily affirm the Court of Appeals' opinion on this issue, and on the other issues presented. Appellate Rule 11(B)(3).