In the Matter of the Guardianship of Pearl C. POSEY, Adult Incompetent, Raymond Harkrider, Raymond Harkrider as Executor of the will of Georgia Cory, Deceased, Betty Rogers and June Nelson, Appellants,

v.

LAFAYETTE BANK AND TRUST COMPANY, Guardian of the Estate, and Judge Floyd Wilcox, Guardian of the Person, Appellees.

No. 23A04–9006–CV–292.

Court of Appeals of Indiana, Fourth District.

Nov. 25, 1991.

Rehearing Denied Jan. 15, 1992.

Douglas R. Brown, Stewart & Irwin, Indianapolis, for appellants.

Stephen R. Pennell, Deborah B. Noah, Stuart & Branigin, Lafayette, for appellees.

MILLER, Judge.

The family of the late Pearl Posey (Harkrider)[1] appeals from the trial court's order determining the amount of appellate attorney's fees and costs ($14,332.54) payable to Pearl's guardian, Floyd Wilcox, and his attorneys, Stuart & Branigin (Attorneys), pursuant to this court's remand order in the second appeal in this action, *Matter of the Guardianship of Posey* (1988), Ind. App., 532 N.E.2d 9, *trans. den.*[2] Harkrider

---

1. Raymond Harkrider, June Nelson, Betty Rodgers, and Raymond Harkrider as executor of the estate of Georgia Cory (deceased).

2. Harkrider challenged the appointment of Floyd Wilcox as guardian in 1981. *Posey v. Wilcox* (Memorandum Opinion, 1983), Ind.App., 451 N.E.2d 1135. After Pearl's death and the trial court had approved the final accounting of the guardianship, Harkrider appealed. This court affirmed the trial court, awarded attorney's fees under App.R. 15(G), and remanded to the trial court to determine the amount of attorney's fees and costs. *Matter of Guardianship of Posey* (1986), Ind.App., 513 N.E.2d 674 (originally issued as Memorandum Opinion). Our supreme court accepted transfer and affirmed (1987), Ind. 512 N.E.2d 155, *cert. den. Harkrider v. Lafayette Bank & Trust Co.* (1988), 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502. On remand, the trial court awarded $19,525.34 to Stuart & Branigin, attorneys for Wilcox as guardian of Pearl's person, and $12,997.30 to

claims 1) the trial court's award of fees was excessive and should have been limited to only ten per cent of the attorney's fees awarded on remand from the first appeal, *Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155, *aff'g* (1986), Ind.App., 513 N.E.2d 674, *cert. den. Harkrider v. Lafayette Bank & Trust Co.* (1988), 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502; and 2) the evidence was insufficient to support the amount of the fees awarded by the trial court. Additionally, both Harkrider and Attorneys request appellate attorney fees.

We affirm the trial court, but decline to impose additional sanctions.

## DECISION

*I. Trial Court's Attorney Fee Award*

■ Harkrider contends the trial court erred in its execution of the remand order because Ind.Appellate Rule 15(G) requires an appellate court to *directly* impose an appropriate sanction amount and remand to a trial court *only* for execution. We find this argument without merit. Our supreme court has implicitly expressed approval for the procedure of remanding to the trial court for determining a reasonable amount of attorney's fees. *Posey*, Ind., 512 N.E.2d 155.

■ Next, Harkrider contends that App.R. 15(G) expressly limits the amount of any sanction award to ten per cent of any *money judgment* from which the appeal was taken. The rule reads (emphasis added):

> "(G) Damages Against Appellant. If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee *not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court;* and the court shall remand such cause for execution."

Harkrider argues that because the rule is punitive in nature, it must be strictly construed. In this case, Harkrider claims the earlier award of attorney's fees—following our supreme court's remand order and this court's affirmance—became a money judgment; therefore, when this court remanded for imposition of additional sanctions, the trial court exceeded its jurisdiction and abused its discretion by awarding fees and expenses in excess of ten per cent of the previously awarded appellate attorney's fees.

Attorneys contend the fees awarded in the second appeal are not a "money judgment" as that term is used in the rule, but sanctions assessed by this court to reimburse the appellees for expenses in defense of a frivolous appeal and to penalize the appellants for unreasonable and egregious conduct. They further argue that the remand order implicitly mandates the trial court to award reasonable fees and did not limit the trial court to ten per cent of the previous attorney fee award. We agree.

The trial court followed the mandate of this court to determine an "appropriate" award of attorney's fees. *Posey*, Ind.App., 532 N.E.2d at 15. Even if there is merit to Harkrider's contention that appellate attorney's fees should be limited to ten per cent of the amount of the existing "judgment" for appellate fees, the "law of the case" doctrine prevents this court from redetermining issues which were brought or could have been brought in an earlier appeal between the same parties. *Posey*, Ind. App., 513 N.E.2d 674; citing *Fair Share Organization v. Mitnick* (1964), 245 Ind. 324, 327, 198 N.E.2d 765, 766, *cert. den.* (1964) 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48. This court was fully aware of the first award of appellate fees when it determined that attorneys' fees were again warranted and remanded for the trial court to determine an "appropriate" amount. There

attorneys for the guardian of Pearl's estate (who are not involved in this appeal). Harkrider appealed, and this court affirmed and again remanded for determination of appropriate appellate attorney's fees. *Posey v. Lafayette Bank & Trust Co.* (1988), Ind.App., 532 N.E.2d 9, *trans. den.*

Other appeals between these parties include: *In re Estate of Posey* (1990), Ind.App., 548 N.E.2d 1205, and *Harkrider v. Wilcox* (dismissed March 20, 1990), Ind.App., Cause No. 86A04–8912–CV–54, (will contest action—appeal dismissed for failure to timely file appellant's brief), *trans. den.*

would have been no reason to remand to the trial court to determine the amount of fees if the amount were limited to ten per cent of the previous appellate fee award.

■ Finally, Harkrider challenges the sufficiency of the evidence on the reasonableness of the amount of attorney's fees. He claims there must be some substantive evidence on each factor enumerated in our Professional Conduct Rule 1.5.[3] Specifically, he alleges that there was no evidence introduced on the limitations placed upon Attorneys' ability to accept other employment, the length of the relationship with their client, or the reputation of the firm.

■ An award of attorney's fees lies within the trial court's discretion, and we will not reweigh the evidence, nor disturb the trial court's decision absent an abuse of discretion. *Posey*, Ind.App., 532 N.E.2d at 13. Where the amount of the fee is not inconsequential, there must be objective evidence of the nature of the legal services and the reasonableness of the fee. *Id.; Seibert v. Mock* (1987), Ind.App., 510 N.E.2d 1373. Although this court has held that Prof.Cond.R. 1.5 provides useful *guidelines* in determining the reasonableness of an award of attorney's fees, we have never held that evidence is required on each factor in the rule. *See Seibert, supra,* (evidence sufficient to support the trial court's award of attorney's fees despite appellant's claim there was no evidence of the skill needed to perform the services and the difficulty of the trial issues), and *Captain & Company, Inc. v. Stenberg* (1987), Ind.App., 505 N.E.2d 88, (evidence sufficient despite allegations that no evidence was presented as to the legal skill required, difficulty of the issues or time limitations). Thus, these cases demonstrate that there must be evidence supporting a trial court's award of attorney's fees, but there need not be evidence presented on each factor suggested in the guidelines.

■ Harkrider also contends the evidence presented was insufficient. Harkrider's argument is an attempt to have this court reweigh the evidence. We also observe that the evidence presented here is similar to that presented and found sufficient in *Posey*, Ind.App., 532 N.E.2d at 13–14. As in the last appeal, the evidence here is sufficient to support the trial court's award of attorney's fees.

In this case, Attorneys filed a fee petition with the trial court before the hearing. The petition included the sworn affidavit of Stephen R. Pennell, a partner in the firm and the lead attorney throughout all the appeals involving Pearl's guardianship. The petition and itemized statement for legal services was incorporated by reference in Pennell's affidavit. Pennell testified in court that 1) the affidavit and statements reflected to the tenth of the hour the services performed by the individual attorneys and paralegals who were involved in the case in defense of the appeal; 2) the fee petitions covered three calendar years from 1988 through 1990; 3) there were different billing charges for the various attorneys who worked on the case (senior associate time was billed at $90 per hour, associate time billed at $85 per hour, paralegal time billed at $45 per hour, and his time as a partner billed at $100 per hour in 1988, $105 per hour in 1989 and $115 per hour in 1990); 4) the total number of hours expended were directly connected to the appeal (total 145.8 hours); 5) the appeal was less complicated than the first appeal and they had managed to streamline issues to reduce the amount of time charged; and 6) the hourly rate charged was customary for services of this nature and comparable

---

3. Prof.Cond.R. 1.5 lists the following factors:
   (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
   (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
   (3) the fee customarily charged in the locality for similar legal services;
   (4) the amount involved and the results obtained;
   (5) the time limitations imposed by the client or by the circumstances;
   (6) the nature and length of the professional relationship with the client;
   (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
   (8) whether the fee is fixed or contingent.

with those charged by attorneys with comparable skill and experience. Harkrider cross-examined Pennell and challenged him on whether particular items contained in exhibits attached to the fee petition were connected to the appeal.[4] However, Harkrider did not offer any evidence as to reasonable attorney's fees or any evidence to contradict Pennell.

We do not reweigh evidence and cannot find the trial court's determination of attorney's fees in this case is clearly erroneous; therefore, we affirm the trial court's award.

## II. Appellate Attorney's Fees

■ Both Harkrider and Attorneys request appellate attorney's fees. First, Harkrider requests attorney's fees under App.R. 15(G), claiming that misstatements of fact and other deficiencies in the Appellees' Brief demonstrate bad faith on this appeal meriting sanctions. We first observe that App.R. 15(G) authorizes this court to exercise its discretion to award damage in "favor of the appellee," when this court affirms the trial court's judgment. We are affirming the judgment of the trial court, but Harkrider is the appellant, not appellee. Furthermore, we do not agree with Harkrider that Attorneys have misstated facts relevant to the issues on review in this case,[5] and minor errors in briefing do not warrant an award of appellate attorney's fees. *Warner v. Warner* (1989), Ind.App., 534 N.E.2d 752, (declining to award appellate attorney's fees *merely* because appellant's brief did not fully comply with appellate rules).

■ Attorneys claim that Harkrider has once again advanced such a frivolous and

4. Harkrider claims the petition and exhibits were not admitted or offered into evidence. We note he did not object at trial to the consideration of the exhibits and Harkrider's counsel cross-examined Pennell on the contents. Thus, Harkrider induced any error and waived any argument that the exhibits were not properly before the court. Even if the argument has not been waived, attorneys may provide the trial court with evidence of the reasonableness of the attorney's fees requested by *affidavit or testimony. See Loudermilk v. Casey* (1982), Ind.App., 441 N.E.2d 1379. A trial court may also take judicial notice of the records of the case over which he is presiding. *In re Paternity of Tompkins* (1989), Ind.App., 542 N.E.2d 1009.

5. For example, Harkrider complains that Attorneys misrepresented that Harkrider had not sought a petition to transfer to our supreme court following the remand order from this court; however, we find Attorneys' argument, while it may imply that no petition for transfer was filed, does not so state. Attorneys' argument follows:

"To properly assert this alleged error [fees should be limited to ten per cent of previous attorney's fee award], Harkrider should have sought rehearing with this Court or filed a petition for transfer to the Indiana Supreme Court per Ind.Appellate Rule 11. Harkrider's time for asserting this alleged 'error' by an application for rehearing or a petition to transfer has long since passed; thus, Harkrider has waived his right to appeal this Court's remand order."

Appellees' Brief, at 10.

Harkrider did not seek rehearing in this court, but did seek transfer to our supreme court, which was denied. We believe the point of Attorneys' argument is *not* that Harkrider did not request transfer, but that Harkrider failed to raise this particular issue by application to this court for rehearing to clarify the remand order or by raising the issue in the petition for transfer. We also observe that, although Harkrider is correct that it is no longer necessary to seek rehearing in this court before requesting transfer to our supreme court, Harkrider *could* have sought rehearing to *clarify* this court's remand order.

Harkrider also claims that Attorneys misrepresent that he waived the issue of whether fees should be limited to ten per cent of the previous judgment by a failure to make such objection or present the issue to the trial court. We do not read Attorneys' argument as narrowly as Harkrider. Attorneys did *not* argue the issue was waived because Harkrider *did not raise* it in the trial court, but argued that it was waived by the failure to object to evidence establishing a factual basis for a larger award. Attorneys' argument follows:

"Harkrider's argument that the award of sanctions should have been limited to ten per cent of the previous award has also been waived by Harkrider's failure to object at the hearing in the trial court to the *testimony and evidence which established a factual basis for a larger award. Thus, having failed to offer any objection to this evidence,* Harkrider may not now challenge the trial court's findings and its award."

Appellees' Brief, at 10 (emphasis added).

Although Harkrider presented his claim to the trial judge that the amount of fees should be limited, the judge rejected the argument because, in his opinion, such a limitation would negate the original award of attorney's fees.

bad faith appeal—demonstrating a repeated pattern of abuse and harassment which serves no legitimate purpose—that sanctions under App.R. 15(G) are merited. We disagree.

■ Appellate sanctions are an extreme measure and "should not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility." *Orr v. Turco Mfg. Co. Inc.* (1987), Ind., 512 N.E.2d 151, 153.[6] Although we have rejected the argument that the amount of attorney's fees should have been limited to ten per cent of the previous fee award/judgment in this particular case, Harkrider's appellant's brief provides rational, concise and cogent argument seeking a clarification of App.R. 15(G). Furthermore, Harkrider has an absolute right to a review of the reasonableness and sufficiency of the evidence supporting the trial court's *appellate attorney's fee award in this particular proceeding* irrespective of any other appeals. Ind. Const. Art. VII, § 6. *See, e.g., Indiana Hospital Licensing Council v. Women's Pavilion of South Bend, Inc.* (1985), Ind.App., 486 N.E.2d 1070, (*on remand* from *Indiana Hospital Licensing Council v. Women's Pavilion of South Bend, Inc.* (1981), Ind.App., 420 N.E.2d 1301, *on rehearing* 424 N.E.2d 461). In *Indiana Hospital,* this court remanded for a determination of appellate attorney's fees for the prevailing party in a civil rights action. On remand, the trial court determined that reasonable fees would be approximately $25,000 based on the hours expended by the attorneys and the reasonable hourly rates; however, the trial court used a multiplier, doubling the award to approximately $50,000, taking into consideration other factors such as the adverse economic effect on the attorneys due to community reaction to representation of civil rights litigants, the difficulty of the issues, the experience, reputation and ability of the attorneys involved, and the amount of time spent in relation to the result. We reversed the trial court, held the court improperly applied the multiplier, and reduced the fees to $25,000.00. Thus, in *Indiana Hospital,* although we had remanded for a determination of reasonable appellate attorney's fees, the parties certainly had a right to an appellate review of the trial court's award. The same situation exists here. In this regard, this appeal is much like any other appeal where the sufficiency of the evidence supporting attorney's fees is questioned. We therefore decline to award further appellate attorney's fees.

Affirmed.

CONOVER and BUCHANAN, JJ., concurring.

---

**6.** *Orr v. Turco Mfg. Co. Inc.* (1987), Ind., 512 N.E.2d 151, is one of three cases which our supreme court decided to review to determine the propriety of awarding appellate attorney fees pursuant to App.R. 15(G). *See also Lesher v. Baltimore Football Club* (1987), Ind., 512 N.E.2d 156, and *Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155, *aff'g* (1986), Ind.App., 513 N.E.2d 674, *cert. den. Harkrider v. Lafayette Bank & Trust Co.* (1988), 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502. Appellate fees were found to be unwarranted under the circumstances in *Lesher* and *Orr,* but were approved in *Posey* because of Harkrider's gross abuse of the right of appellate review. The *Posey* court noted that the Court of Appeals had found bad faith in Harkrider's disregard of the form and content requirements of our appellate rules, omission and misstatement of facts disclosed in the record including the failure to disclose a previous appeal, and a brief "written in a manner calculated to require the maximum expenditure of time both by [appellee] and by this Court"—a situation not present here. 512 N.E.2d at 156.