**Gilbert VALADEZ, Appellant–Plaintiff,**

**v.**

**R.T. ENTERPRISES, INC., d/b/a Everdry Waterproofing, Appellee–Defendant.**

No. 49A02–9406–CV–318.

Court of Appeals of Indiana,
Third District.

Feb. 22, 1995.

Robert S. Rifkin, Maurer Rifkin & Hill, P.C., Indianapolis, for appellant.

William C. Potter, II, Marcia E. Roan, Kroger, Gardis & Regas, Indianapolis, for appellee.

OPINION

STATON, Judge.

Gilbert Valadez ("Valadez") appeals the trial court's award of damages. Valadez presents two issues on appeal, which we restate as follows:

I. Whether the trial court erred in failing to award treble damages for commissions untimely paid to Valadez.

II. Whether the trial court abused its discretion by awarding inadequate attorneys' fees.

We affirm and remand.

The undisputed facts are as follows. Valadez was employed by R.T. Enterprises, Inc. d/b/a Everdry Waterproofing ("Everdry") as a commissioned salesman. Valadez was to receive half his commission three days after

securing a signed contract and half when the client paid Everdry. Valadez terminated his employment with Everdry in late 1992, but by March of 1993 Everdry still owed Valadez $3,401 in commissions. After repeatedly demanding payment, Valadez filed suit on March 10 to recover the amount owed. After being sued, Everdry mailed commission checks to Valadez covering all but $308 of the commissions due.

The trial court awarded Valadez damages of $3,345.50, representing $1,500 for attorneys' fees, $921.50 for costs, and $924 for failing to pay commissions in a timely manner pursuant to Ind.Code § 22-2-5-2. The $924 represents the $308 unpaid at the time of trial plus double that amount as liquidated damages. Unsatisfied with this result, Valadez appeals.

I.

*Treble Damages*

Valadez argues that the trial court erred in failing to award liquidated damages for the late payments.[1] Valadez argues that the statute allows no exception for late payments.

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.* (1992), Ind.App., 600 N.E.2d 555, 558, *adopted on transfer* (1993), Ind., 608 N.E.2d 699. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and

---

1. The statute specifically states that:

    [e]very such ... corporation ... who shall fail to make payment of wages to any such employee [by the required date] shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, ... and in any suit so brought to recover said wages or the liquidated damages for nonpay-

    ment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

    I.C. § 22-2-5-2. Wages owed to a former employee who has voluntarily terminated the employment are late when paid after the next regular day for payment. I.C. § 22-2-5-1(b). For purposes of this appeal, we will use the term "late payments" to refer to wages paid later than the next regular payment date, but before trial.

purpose of the act. *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, 218, *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.*

■ The statute states that suit can be brought to recover "wages or the liquidated damages for nonpayment thereof, or both." I.C. § 22–2–5–2. This language clearly contemplates suits filed solely to secure liquidated damages on late payments. Further, the liquidated damages are mandatory, *Osler Institute, Inc. v. Inglert* (1990), Ind.App., 558 N.E.2d 901, 905 (no good faith exception), *aff'd on other grounds* (1991), Ind., 569 N.E.2d 636; the plain language of the statute makes no exception for late payments. Finally, allowing this exception would frustrate the statute's plain purpose of penalizing employers who do not pay wages when due. As such, we conclude that the statute contemplates awarding liquidated damages on late payments.

■ The trial court entered a conclusion of law that late payments are discounted in determining liquidated damages.[2] As stated, this conclusion is in conflict with the plain language of the statute. The trial court is ordered to award Valadez liquidated damages on the late payments in addition to damages for the unpaid wages, costs, and attorneys' fees.[3]

## II.

### *Attorneys' Fees*

Valadez next argues that the trial court abused its discretion in awarding attorneys' fees at a much lesser amount than Valadez sought. Valadez' counsel requested $7,285.20 in fees, the trial court awarded only $1,500.

■ An award of attorneys' fees will be reversed only for an abuse of discretion. *Posey v. Lafayette Bank and Trust Co.* (1991), Ind.App., 583 N.E.2d 149, 152, *trans. denied.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180. We cannot say that the trial court abused its discretion in awarding $1,500 in attorneys' fees.

■ Valadez is, however, entitled to appellate attorneys' fees and the trial court is ordered to hold a hearing at which Valadez can present evidence regarding the amount, and the reasonableness, of appellate attorneys' fees pursuant to I.C. § 22–2–5–2. *Vasquez v. Dulios* (1987), Ind.App., 505 N.E.2d 152, 155.[4]

Affirmed and remanded for proceedings not inconsistent with this opinion.

DARDEN, J., concurs.

HOFFMAN, J., concurs and files separate opinion.

HOFFMAN, Judge, concurring.

I concur but must point out that although the findings state that $3,401.00 was due on

---

2. Everdry argues that the trial court found Valadez' total commissions were due "following the completion of and the receipt by Everdry of payment for the last waterproofing job that Valadez had sold." Appellee's Brief, p. 9. Thus, Everdry argues, the wages were timely paid. In doing so, Everdry misstates the trial court's findings as the court held that Everdry was to pay half of the commission when each client paid. Thus, the trial court considered the wages untimely paid, but carved out an exception to the statute for payment before trial.

3. The parties dispute whether the last commission earned, $638.00, was paid late. The trial court, equivocal about this matter in its judgment, must decide this disputed factual issue on remand.

4. While results obtained at the trial level can be considered when awarding attorneys' fees, this consideration is not mandatory and, as such, the trial court need not reconsider its award of trial attorneys' fees because of this opinion. *Posey, supra.*

March 10, 1993, only $2,763.00 was beyond the ten days allowed by statute. $638.00 was paid before the expiration of 10 days.

Also on the remand for the assessment of appellate attorney's fees, the trial court's attention is directed to the fact that two issues were raised on appeal and that the appellant prevailed on only one issue and failed on the other issue.