ATTORNEY FOR APPELLANT
J. Bradley Schooley
Hostetler & Kowalik, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Stephen C. McNutt
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE

for Comm'r, Ind. Department of Labor
Cody Kendall
Indianapolis, Indiana

for Ind. St. Bldg.&Const.Trades Council
Neil E. Gath and Geoffrey S. Lohman
Fillenwarth Dennerline Groth & Towe
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0509-CV-399

DAVID A. RYKER PAINTING CO., INC.,                    *Appellant (Defendant below),*

v.

GEORGE E. NUNAMAKER,                    *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D12-0103-CP-377
The Honorable Robyn L. Moberly, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0405-CV-252

**June 29, 2006**

**Dickson, Justice**

In this labor wage dispute asserting application of the Indiana Wage Payment Statute, the defendant, David A. Ryker Painting Company, Inc., appeals the trial court's judgment in favor of an employee, the plaintiff, George E. Nunamaker. We reverse.

The plaintiff filed suit against Ryker Painting for punitive damages and attorney fees pursuant to the Wage Payment Statute after the defendant's alleged failure to pay him at a proper

rate in a timely manner for work performed on a painting project for the Tipton Community School Corporation in Tipton, Indiana. After the parties stipulated to all material facts and documentary evidence, the trial court entered a judgment in favor of the plaintiff for $6,289.92, plus attorney fees of $3,000.00. The Court of Appeals reversed, finding the Wage Payment Statute inapplicable because "the legislature could not have intended that a company be required to pay treble damages every time a good faith dispute as to wages arises." David A. Ryker Painting Co., Inc. v. Nunamaker, 818 N.E.2d 989, 992 (Ind. Ct. App. 2004). We granted transfer.

Among the issues presented on appeal, we find determinative Ryker Painting's contention that the plaintiff's claims for liquidated damages and attorney fees under the Wage Payment Statute are barred because the defendant did not fail to make a timely payment of the amount due to the plaintiff.

In March 1998, Ryker Painting contracted to perform painting work as a subcontractor for Summit Construction Company, Inc., the general contractor on the project. Addendum No. 1 to the contract includes a schedule titled "Common Construction Wage Determination" ("CCWD"), which is made applicable to the project. *See* Appellant's App'x. at 18-21. The CCWD schedule lists various types of workers (e.g. bricklayer, carpenter, cement mason, electrician, ironworker, laborer, etc.), and specifies rates for base wages and other hourly compensation for each, depending on whether they are "skilled," "semiskilled," or "unskilled." For workers classified as "Painter, Brush & Roller," no amounts are shown for "semiskilled" and "unskilled," but only for "skilled." *Id.* at 20. Summit did not provide Ryker Painting with the addendum or its CCWD schedule, and Ryker Painting prepared its bid based on its customary hourly wage rates. *Id*. at 10. The parties agree that the plaintiff worked for Ryker Painting on the project as a semiskilled painter from the week ending November 11, 1998, through December 22, 1999, and was paid at Ryker Painting's standard rate for semiskilled painters. *Id.* at 11. In response to a Common Construction Wage Complaint filed in late 1999 on behalf of the plaintiff with the Indiana Department of Labor, the Department conducted an audit of the plaintiff's wages and, without explanation, issued its determination that the "amount due employee" was $3,144.96. *Id.* at 33-35. This determination required Ryker Painting to pay the plaintiff the difference between the total wages already paid and those computed at the CCWD "skilled" wage rate, regardless of

the plaintiff's actual skill classification. *Id.* at 12, 35. The audit determination was issued on September 8, 2000, and fourteen days later, Ryker Painting paid the plaintiff $3,144.96, the full difference between the Department's determination and the wages already paid. On March 8, 2001, the plaintiff filed his complaint seeking liquidated damages and attorney fees under the Wage Payment Statute for Ryker Painting's alleged delay in paying the full amount of his wages as ultimately determined by the Department of Labor.

In entering judgment for the plaintiff, the trial court expressed its belief that the Wage Payment Statute was "mandatory in nature and the Court must award liquidated damages and reasonable attorney fees if the employer failed to make payment of wages due the employee." Appellant's App'x. at 94. The trial court noted but disregarded that "there was arguably a fair dispute" about whether the plaintiff was entitled to wages as a skilled worker and based its decision on the fact that "nonetheless the Plaintiff was due wages . . . after determination by the Dept. of Labor." *Id.* Considering the language of its judgment and noting that the case was presented by the parties based upon an agreed stipulation of fact, we understand the trial court to have resolved this case as a matter of law and not based upon its evaluation of disputed facts.

The Wage Payment Statute requires employers to "pay each employee at least semimonthly or biweekly, if requested, the *amount due* the employee." Indiana Code § 22-2-5-1 (emphasis added). Section 2 of the statute states:

> [Employers] who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Ind. Code § 22-2-5-2.

In its appeal, Ryker Painting focuses upon the "amount due" language of Section 1 and contends that it promptly paid all amounts it owed the plaintiff in a timely manner as they became due. The plaintiff's regular wages were timely paid and accepted during the employment,

and Ryker Painting promptly paid to the plaintiff the additional amount calculated upon the Department's determination that the plaintiff was entitled to be paid as a skilled worker according to the CCWD schedule.

The plaintiff responds that the purpose of the act is to "penalize employers who do not pay wages when due." Appellee's Br. at 10. He argues that allowing Ryker Painting to avoid liquidated damages and attorney fees would frustrate public policy and "encourage other employers to be intentionally ignorant of their obligations under the law and their contracts." *Id.* at 11. Citing St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699 (Ind. 2002), the plaintiff asserts that this Court "has found there is no 'good faith defense'" to the failure of an employer to pay wages timely and in the appropriate amount. Appellee's Br. at 11.

Our opinion in St. Vincent Hospital is not instructive in resolving the present case. It addresses the "amount due" language of the Wage Payment Statute only to conclude that it "unambiguously establishes that the legislature intended the Wage Payment Statute to govern not only the frequency but also the amount an employer must pay its employee." *Id.* at 704. There is not, however, any discussion of a "good faith defense." To the contrary, we noted that the Court of Appeals decision in the case had discussed the issue, that the issue was not raised on transfer, and that "we express no opinion on the issue." 766 N.E.2d at 701-02, n.2. And our grant of transfer automatically vacated the decision of the Court of Appeals. Ind. Appellate Rule 58(A).

Past decisions of the Court of Appeals, however, have considered related matters. In Valadez v. R.T. Enter., 647 N.E.2d 331, 333 (Ind. Ct. App. 1995), the statute was held to require an award of liquidated damages for salesman commissions only paid after commencement of suit. The court noted that the statute contemplates lawsuits filed solely to secure liquidated damages on late payments. *Id.* Another case, upholding an award of unpaid wages, liquidated damages, and attorney fees in an action for unpaid vacation and overtime pay, declared that the Wage Payment Statute "does not contain a good faith provision; its terms are mandatory." Osler Inst., Inc. v. Inglert, 558 N.E.2d 901, 905 (Ind. Ct. App. 1990), *summarily affirmed particularly on other grounds*, 569 N.E.2d 636, 637 (Ind. 1991). Osler Institute primarily involved disputes of fact, first regarding whether the plaintiff was employed in an administrative or executive capac-

4

ity for purposes of overtime pay, and second, whether the employment agreement required one year of work before vacation pay eligibility. Other cases declining to apply a "good faith dispute" exception also appear to have involved disputes of fact. *See, e.g.*, Todd v. Stewart, 566 N.E.2d 1077 (Ind. Ct. App. 1991) (dispute over oral vacation and bonus pay agreements); Licocci v. Cardinal Assoc., Inc., 492 N.E.2d 48, 56 (Ind. Ct. App. 1986) (dispute over employee commissions withheld to ensure compliance with covenants not to compete).

The present case, however, does not arise from such factual disputes. The parties stipulated that Ryker Painting promptly paid the regular wages at the semiskilled rate to the plaintiff, and that the plaintiff was working on the project as a "semiskilled painter." Appellant's App'x. at 11. It is agreed that the project's CCWD schedule specified wages for skilled painters but not for semiskilled painters. And there is no dispute that when the Department of Labor later determined that the CCWD schedule required that employees be paid at the rate for skilled painters regardless of skill classification, Ryker Painting paid the plaintiff fourteen days later the full difference between the regular wages it had already paid and the rate the plaintiff was to be paid as a skilled painter as determined by the Department. Here, Ryker Painting promptly paid the plaintiff for work at a skill level for which a wage rate was not designated in the CCWD schedule. It was on September 8, 2000, when the Department of Labor informed Ryker Painting of the "amount due employee," that Ryker Painting first became obligated to pay such wages and subjected to the risk of liquidated damages and attorney fees under the Wage Payment Statute in the event that it failed to pay the wages within the statute's time limits. By paying this "amount due employee" within fourteen days, Ryker Painting complied with the statutory requirements.

We find that the Wage Payment Statute does not entitle the plaintiff to either liquidated damages or attorney fees. Having previously granted transfer, we now reverse the judgment of the trial court.

Shepard, C.J., and Boehm, J., concur. Sullivan, J., dissents with separate opinion in which Rucker, J., concurs.

**Sullivan, Justice, dissenting.**

I believe that the trial court properly analyzed this case and would affirm its judgment in favor of Nunamaker.

The Court's analysis, while completely logical, proceeds from what in my view is an incorrect premise: that the Wage Payment Statute places on the employee the burden of proving his or her entitlement to be paid a certain amount under applicable law before an employer faces liability under the Statute. I think legislative intent could not be clearer that the whole purpose of the Statute is that employers must pay their employees the proper amount and pay it in a timely fashion. This purpose cannot be achieved if employers are not required to know what the proper amount is.

I note that the trial court's and my interpretation of the Statute conforms with that of the Commissioner of the Indiana Department of Labor, appearing as Amicus Curiae here. As the head of the administrative agency responsible for enforcing the Statute, the Commissioner's interpretation is entitled to great weight. <u>LTV Steel v. Griffin</u>, 730 N.E.2d 1251, 1257 (Ind. 2000).

Rucker, J., concurs.