DEERE & COMPANY, Appellant–
Plaintiff,

v.

NEW HOLLAND ROCHESTER,
INC., Appellee–Defendant.

No. 25A05–1006–CC–367.

Court of Appeals of Indiana.

Oct. 12, 2010.

Karen L. Lobring, Lobring & Associates, LLP, Edinburgh, IN, Attorney for Appellant.

Ted A. Waggoner, Peterson & Waggoner, LLP, Rochester, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Here, a business had a perfected security interest in farm equipment. The debtor traded the equipment to a second business, which was aware of the liens but relied upon statements made by third parties that the liens had been satisfied. Rather than relying on the statements of third parties, the second business should have contacted the lienholder directly. The lienholder filed a claim for replevin and we conclude that the trial court erred by de-

nying its request for prejudgment possession of the equipment.

Appellant-plaintiff Deere & Company (Deere) appeals the trial court's interlocutory order denying Deere's motion for prejudgment possession of certain farm equipment that is currently being held by appellee-defendant New Holland Rochester, Inc. (New Holland). Deere argues that it is entitled to the equipment as a matter of law, and we agree. Therefore, we reverse and remand with instructions to enter an order granting Deere prejudgment possession of the equipment and for further proceedings.

## FACTS

On June 2, 2008, Deere and Travis Hostetler entered into a Contract (First Contract), pursuant to which Deere financed Travis's purchase of farm equipment (the Harvester) for $264,961. The terms of the First Contract granted Deere a purchase money security interest in the Harvester, which Deere perfected with the timely filing of a UCC–1 financing statement.

On July 28, 2008, Deere and Hostetler entered into another Contract (Second Contract), pursuant to which Deere financed another purchase of farm equipment (the Blade and Cornhead) for $21,682. The terms of the Second Contract granted Deere a purchase money security interest in the Blade and Cornhead, which Deere perfected with the timely filing of a UCC–1 financing statement.

On October 15, 2008, Hostetler entered into a transaction with New Holland. Hostetler wanted to purchase more farm equipment, and as part of the transaction, New Holland procured the Harvester and Cornhead as a trade. Before taking the Harvester and Cornhead, New Holland conducted a UCC search and learned that Deere had first priority perfected purchase money liens on that equipment. New Holland did not contact Deere to ascertain the status of the liens. Instead, it questioned Hostetler, who told New Holland that the liens had been satisfied, and contacted Farmers State Bank, which informed New Holland that the debt to Deere had been satisfied.

In fact, the liens had not been satisfied, and Hostetler ultimately defaulted in his payment obligations under the First and Second Contracts. As a result of the defaults, Deere accelerated the payment obligation; therefore, at the time the instant litigation was begun, Hostetler owed $268,584.04 on the First Contract and $20,166.03 on the Second Contract.

On September 24, 2009, Deere filed a complaint against Hostetler and New Holland for replevin,[1] seeking an order that New Holland return the Harvester and Cornhead to Deere pursuant to its security interests in the equipment.[2] On November 2, 2009, the trial court held a hearing on the complaint, and on May 5, 2010, the trial court entered an order denying Deere's request for prejudgment possession, authorizing New Holland to sell the equipment, and requiring Deere to release its liens on the equipment. Deere now appeals.

## DISCUSSION AND DECISION

The trial court's order concerns only Deere's motion for prejudgment posses-

1. Although Deere's complaint was nominally seeking replevin, the substance of the litigation is actually an action to foreclose a security interest. That said, for consistency's sake we will refer to the complaint as a complaint for replevin.

2. On October 26, 2009, New Holland filed a third-party complaint against Farmers State Bank.

sion of the equipment at issue; therefore, this is an interlocutory appeal. Because the trial court ordered, among other things, that Deere execute a release of its liens on the equipment as soon as the equipment is sold by New Holland, this is an interlocutory appeal as of right pursuant to Indiana Appellate Rule 14(A)(2). App. R. 14(A)(2) (providing that appeals from interlocutory orders compelling the execution of any document are taken as a matter of right).

■ Inasmuch as the relevant facts herein are undisputed, our task on appeal is to determine whether the trial court properly interpreted and applied Indiana Code section 32–35–2–14, which provides that following a hearing regarding a preliminary request for a prejudgment order of possession, the trial court shall:

(1) consider the showing made by the parties appearing; and

(2) make a preliminary determination which party, with reasonable probability, is entitled to possession, use, and disposition of the property, pending final adjudication of the claims of the parties.

If the trial court determines "that a prejudgment order of possession in the plaintiff's favor should issue, the court shall issue the order." I.C. § 32–35–2–15.

■ To determine "which party, with reasonable probability, is entitled to possession, use, and disposition" of the farm equipment, we must consider the elements of the underlying replevin action. A replevin action is a speedy statutory remedy designed to allow one to recover possession of property wrongfully held or detained as well as any damages incidental to the detention. *United Farm Family Mut. Ins. Co. v. Michalski,* 814 N.E.2d 1060, 1066 (Ind.Ct.App.2004). For a plaintiff to recover in an action for replevin, he must prove that he has title or right to posses-

sion, that the property is unlawfully detained, and that the defendant wrongfully holds possession. *Id.*

Here, the following facts are undisputed: (1) Deere had perfected, first priority security interests in the Harvester and the Cornhead; (2) Hostetler defaulted under the First and Second Contracts; and (3) the amount due under the Contracts was accelerated as a result of Hostetler's default. Pursuant to the terms of the Contracts, Deere had the right to recover the equipment upon Hostetler's default. Appellant's App. p. 14, 22. It is black letter law that, upon default, a secured creditor has the right to take possession of the collateral securing its claim and the rights set forth in the agreement with the defaulting party. I.C. §§ 26–1–9.1–601(a), –609(a)(1). Furthermore, a security agreement is effective against purchasers of the collateral. I.C. § 26–1–9.1–201(a).

It is also undisputed that New Holland had actual notice of Deere's liens before completing the transaction with Hostetler, understood that its possession of the equipment did not destroy or impair Deere's liens, and agreed that it had no claim to the equipment that was superior to Deere's liens.

New Holland avers that it believed that Deere's liens had been satisfied, notwithstanding the fact that it never contacted Deere to confirm that fact. New Holland asked Hostetler, who stated that the liens had been satisfied, and Farmers State Bank, which also stated that the liens had been satisfied, and chose to rely on those statements rather than contact the lienholder itself. In other words, New Holland is raising an affirmative defense that it was a bona fide purchaser because it relied in good faith on the information it gleaned from Hostetler and Farmers State Bank.

The defense of being a bona fide purchaser is primarily found in the context of real estate transactions. Assuming without deciding that it likewise applies in the context of secured transactions, we note that to qualify as a bona fide purchaser, a party must establish that it obtained the property at issue without actual or constructive notice of any adverse claims to the property. *Keybank Nat'l Assoc. v. NBD Bank,* 699 N.E.2d 322, 327 (Ind.Ct. App.1998). Here, New Holland had *actual notice* of Deere's perfected security interest in the equipment. Although it relied upon the statements of Hostetler and Farmers State Bank to surmise that the liens had been satisfied, we can only conclude that such reliance was simply not reasonable.

As a general rule, we find that it is unreasonable to rely on the statements of third parties—or the debtor—about the current status of security interests. Specifically, Hostetler had every reason to be untruthful—and, indeed, New Holland acknowledges that it is aware that customers often misrepresent the status of liens on equipment offered in trade. Tr. p. 26–27. Although it was, perhaps, more reasonable to rely on statements made by bank employees, there is simply no excuse for New Holland's failure to contact Deere directly. Its decision to rely on statements made by a third party removes any defense it may have had as a bona fide purchaser.

Pursuant to these undisputed facts, it could not be clearer that it is reasonably probable that Deere is entitled to possession, use, and disposition of the property, pending final adjudication of the claims of the parties. Therefore, we find that the trial court erred as a matter of law by denying Deere's motion for prejudgment possession of the equipment, permitting New Holland to sell the equipment, and ordering Deere to release its liens.

The judgment of the trial court is reversed and remanded with instructions to enter an order granting Deere prejudgment possession of the equipment and for further proceedings.

NAJAM, J., and MATHIAS, J., concur.