**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2013, 6:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN R. PATMORE**
Patmore Law Office
Santa Claus, Indiana

ATTORNEY FOR APPELLEE:

**MARK PFEIFER**
Jacobs & Pfeifer, PSC
Owensboro, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFF PIERRARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  62A01-1305-CT-238 |
| | ) | |
| WRIGHT IMPLEMENT 1, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
Cause No. 62C01-1107-CT-351

**September 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant Jeff Pierrard appeals the trial court's grant of summary judgment in favor of appellee-plaintiff Wright Implement 1, LLC (Wright Implement), regarding Wright Implement's claim against him for conversion of a tractor and other equipment that he bought from the original purchaser, Bobby Ward. There was a security interest on the property and Pierrard never searched any records to determine whether liens might have existed.

Pierrard asserts that the trial court erred in granting Wright Implement's motion for summary judgment because it erroneously held that "possession of property subject to a security interest—either before or after default—constitutes conversion." Appellant's Br. p. 4.

Notwithstanding Pierrard's contention, Wright Implement lawfully possessed the property, and in addition to Pierrard's failure to check the status of the liens that existed on the property, the designated evidence established that he thwarted Wright Implement's efforts to recover the tractor and other equipment. As a result, we conclude that the trial court properly granted Wright Implement's motion for summary judgment.

FACTS

On June 14, 2010, Ward purchased a John Deere 4720 tractor, a loader, and some other equipment from Wright Implement after borrowing the funds to buy the equipment from John Deere Financial. The retail installment contract stated that the total financed amount for all the equipment was $32,808. As part of the retail agreement, Ward granted

a UCC security interest in the equipment to Wright Implement. The security interest was perfected on June 24, 2010, with the Indiana Secretary of State.

Sometime after June 18, 2010, Ward sold the tractor to Pierrard for $9,500. Pierrard took possession of the tractor and subsequently placed it in front of his residence in Tell City with a "for sale" sign on it. Appellant's App. p. 38, 43.

Ward failed to make payments on the tractor after March 9, 2011, and he died on March 18, 2011. Sometime in June 2011, Larry McGregor, the customer support representative for Wright Implement, began efforts to locate the tractor. Specifically, McGregor contacted Tim Baumeister, who had been Ward's business partner in a construction business, to determine the tractor's whereabouts. After this meeting, Baumeister spoke to Pierrard about the tractor. Pierrard responded, "you don't know where the tractor is." Appellant's App. p. 38. When Baumeister told Pierrard that he would not lie for him, Pierrard stated, "you don't have to lie. You just don't have to tell them anything." Id.

McGregor talked with Pierrard on three separate occasions about the location of the tractor and equipment. During the first meeting, Pierrard stated that the tractor might be in Seymour. On the second occasion, Pierrard denied that it was on his property. During the third meeting, Pierrard admitted that he had purchased the tractor from Ward. Pierrard also told McGregor that he had sold the tractor and equipment. McGregor indicated that the fair market value at the time Pierrard took the equipment was $25,750.

3

On July 28, 2011, John Deere filed a complaint against Pierrard regarding the tractor and other items that he had purchased from Ward. John Deere alleged that it was entitled to possession of the tractor and equipment in light of the security interest that had been perfected, that Pierrard improperly prevented John Deere from taking possession of the equipment, and that he wrongfully took the property and unlawfully possessed it. Count II of the complaint alleged that Pierrard wrongfully converted the tractor and equipment and, in the alternative, alleged that Pierrard "willfully, maliciously, fraudulently, and without privilege or right to do so, . . . took the equipment from Plaintiff's constructive possession and retains the Equipment in violation of Plaintiff's security interest." Appellant's App. p. 4.

Thereafter, on September 23, 2011, John Deere Financial charged Wright Implement with a "dealer chargeback" because of Ward's default. During a deposition on October 10, 2011, Pierrard admitted that he had "come in contact with the tractor" and stated that he never performed a lien check on the tractor and equipment. Id. at 20, 41-42.

On December 20, 2011, Wright Implement was substituted for John Deere as the plaintiff in this action. On October 5, 2012, Wright Implement filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law because there was no genuine issue of material fact that Pierrard had converted the tractor and other equipment.

The trial court granted Wright Implement's motion for summary judgment against Pierrard in the amount of $25,750, plus interest from the date of judgment. The trial court subsequently denied Pierrard's motion to correct error, and he now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We review the trial court's grant or denial of a motion for summary judgment de novo. Shofstall v. Int'l Union of Painters & Allied Trades, 991 N.E.2d 100, 102 (Ind. 2013). Summary judgment is only appropriate when the record shows there are no genuine issues of material fact to be decided at trial, and the moving party is entitled to judgment as a matter of law. Ind. Dep't of Revenue v. Miller Brewing Co., 975 N.E.2d 800, 802-03 (Ind. 2012). Like the trial court, we construe all designated evidentiary material in the light most favorable to the non-moving party. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009).

### II. Pierrard's Contentions

Pierrard claims that the trial court erred in granting Wright Implement's motion for summary judgment because that result stands for the proposition that any person who owns property subject to a security interest would, immediately upon default, be guilty of conversion. In other words, Pierrard contends that to hold him liable for conversion where he had possessed and disposed of the tractor prior to being informed of Ward's security interest in the property and default was erroneous. Pierrard claims that he simply refused to provide Wright Implement with any information about the tractor's location,

5

and there should be no liability on his part for not assisting Wright Implement in its efforts to recover the equipment.

In resolving this issue, we initially observe that the tort of conversion has been defined as "the appropriation of the personal property of another to the party's own use and benefit, or in its destruction or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." Schrenker v. State, 919 N.E.2d 1188, 1194 (Ind. Ct. App. 2010). Also, no mens rea is required and good faith is not a defense in a civil conversion action. Id.

In this case, the designated evidence established that the tractor and other equipment were subject to a validly perfected security interest. Thus, Wright Implement was the lawful possessor of the property. See Deere & Co. v. New Holland Rochester, Inc., 935 N.E.2d 269 (Ind. Ct. App. 2010) (observing that it is black letter law that, upon default, a secured creditor has the right to take possession of the collateral securing its claim and the rights set forth in the agreement with the defaulting party).

Pursuant to Baumeister's affidavit, Pierrard purchased the tractor and equipment from Ward. Appellant's App. p. 37. Baumeister's affidavit also states that Pierrard told Baumeister not to assist Wright Implement in recovering possession of the property, when he told him not to talk to representatives from Wright Implement and disclosing the location of the equipment. Id. at 38. Also, even though Pierrard previously stated that Ward told him that there were no liens on the tractor and equipment, that statement is

6

irrelevant because good faith is not a defense to the tort of conversion. Schrenker, 919 N.E.2d at 1194.

We find this Court's opinion in Deere & Co. v. New Holland Rochester, Inc., 935 N.E.2d 267 (Ind. Ct. App. 2010), instructive here. In that case, John Deere had a perfected security interest in some farm equipment that an individual by the name of Hostetler had purchased. Hostetler later traded the equipment with New Holland Rochester, Inc. (New Holland). Id. at 268.

The evidence demonstrated that New Holland relied on Hostetler's representation that Deere's liens had been satisfied, but it did not conduct an independent examination to determine whether the liens on the equipment had been released. Id. It was ultimately determined that New Holland could not rely on Hostetler's statements and it was under a duty to examine the records to determine whether the liens had been released. Id. at 270.

Similarly, in these circumstances, Pierrard could not reasonably rely on any alleged representations by Ward that there were no liens on the tractor and other equipment. Pierrard could have searched the records available at the Secretary of State's Office to determine whether the tractor and equipment were subject to any liens. Hence, Pierrard has no defense that he is a bona fide purchaser. Also, because Wright Implement was the lawful possessor of the property, Pierrard's actions in thwarting Wright Implement's efforts to rightly recover the property and retaining possession of it constitute conversion. Also, while Pierrard maintains that there can be no conversion because he no longer possessed the tractor and equipment, we note that such mere

7

conclusory statements are not sufficient to avoid summary judgment.  Lidnsey v. DeGroot, 898 N.E.2d 1251, 1262 (Ind. Ct. App. 2009).  For these reasons, we conclude that the trial court properly granted Wright Implement's motion for summary judgment.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.